UNITED STATES OF AMERICA, Plaintiff–Appellee,

v.

Mario JIMENEZ, Defendant–Appellant.

No. 04–10114.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Oct. 19, 2004.

Craig S. Denney, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Laurence Peter Digesti, Esq., Reno, CA, for Defendant–Appellant.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM **

Mario Jimenez appeals from the district court's denial of his motion to dismiss the indictment on double jeopardy grounds following the court's order of mistrial and discharge of the jury upon Jimenez's motion. We have jurisdiction under 28 U.S.C. § 1291. *See Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). We affirm.

Jimenez argues the Double Jeopardy Clause bars his retrial because the prose-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cutor, in exercising a peremptory strike against a Hispanic juror in violation of *Batson,* intended to "goad" Jimenez into requesting a mistrial. The Double Jeopardy Clause "protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy,* 456 U.S. 667, 671–73, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *United States v. Gaytan,* 115 F.3d 737, 742 (9th Cir.1997).

Here, Jimenez moved for the mistrial after jury empanelment, but before opening statements were heard or the prosecutor called witnesses. The record does not show, nor does Jimenez present, any evidence the prosecution intended to cause the mistrial through the *Batson* violation. The district court found Jimenez presented no evidence the prosecution intended to cause the mistrial. That decision is not clearly erroneous. *See United States v. Lun,* 944 F.2d 642, 644 (9th Cir.1991).

AFFIRMED AND REMANDED FOR TRIAL.